DURKEE v. HUDSON VALLEY R. CO.

(Supreme Court, Appellate Division, Third Department.  November 13, 1907.)

MASTER AND SERVANT—DEATH OF SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for death of a motorman by the bumper of another car overriding and crushing the vestibule of his car, evidence *held* to sustain a verdict finding defendant negligent in furnishing its employés cars with the bumpers constructed of different heights, and that intestate was not negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 962.]

Smith, P. J., and Sewell, J., dissenting.

Appeal from Trial Term, Washington County.

Action by Zadie Durkee, as administratrix, etc., against the Hudson Valley Railroad Company. From a judgment for plaintiff for the wrongful death of her intestate, and from an order denying defendant's motion for a new trial on the minutes, it appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. L. Kiley, for appellant.
Kellogg & Barker (J. A. Kellogg, for counsel), for respondent.

JOHN M. KELLOGG, J. The defendant's Troy car, north-bound, and its local car, south-bound, were to pass each other at a switch, the Troy car to keep the straight track, the local car to take the side track. Late at night the Troy car arrived at the switch ahead of the local car, and stood in part covering the point of the switch, so that it obstructed the passage of the local car on to the side track, and a head-on collision of the cars caused the death of the plaintiff's intestate. Placing the Troy car upon the entrance to the switch was the act of a fellow servant, and the liability of the defendant is not predicated upon that negligence.

The only question submitted to the jury as tending to show negligence of the defendant was the manner in which the bumpers, so called, upon the two cars were placed with reference to each other. The Troy car was a longer and higher car than the local car. The bumpers upon these cars formed the front sill of the car, and are an extension of the floor of the car beyond the vestibule. They were constructed of oak timbers six or eight inches in width, and bound with heavy iron. In case the two cars were pushed against each other, the bumpers would not meet, but those of the Troy car, on account of its greater height, would lap over those of the local car and strike against the vestibule. When the cars collided, the bumper of the Troy car passed entirely over that of the local car, and broke through and crushed the vestibule and controller. stand at which the plaintiff's intestate, the motorman, was stationed, and killed him. The Troy car was uninjured. The fact that the bumpers were built of heavy oak timbers, and bound with iron, shows that such construction was intended to protect the car in case it ran against an obstruction. Did the defendant furnish suitable cars when they were so constructed that in case of coming together the bumper of the Troy car could serve no purpose except to break or demolish the local car? It was a fair question for the jury whether the defendant was not negligent in furnishing its employés cars so constructed. The conclusion of the jury that defendant was negligent in furnishing unsuitable cars, and that such negligence caused the death of the intestate, and that he was free from contributory negligence is fairly sustained by the evidence.

The judgment and order should therefore be affirmed, with costs. All concur, except SMITH, P. J., and SEWELL, J., who dissent.